IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02-cr-40056-003 JPG |
| ) | |
| MICHAEL R. SUMNER, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Michael R. Sumner's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for the defendant, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of such a reduction (Doc. 109). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motion (Doc. 111). The defendant failed to respond to counsel's motion although he was given an opportunity to do so.

Sumner pled guilty to one count of conspiring to distribute five grams or more of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Sumner's relevant conduct was at least 10,000 kilograms but less than 30,000 kilograms in marihuana equivalency units but that he was a minor participant in the crime, which under U.S.S.G.[1] § 2D1.1(a)(3) yielded a base offense level of 30. His offense level was reduced by two points under U.S.S.G. § 3B1.2(b) for his mitigating role and three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that Sumner was a career offender under

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2002 United States Sentencing Guidelines Manual.

U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 34, again reduced by 3 to 31 for acceptance of responsibility.  Considering Sumner's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 188 months, less than the statutory maximum sentence established by Sumner's convictions.  *See* 21 U.S.C. § 841(b)(1)(B).  Sumner now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Sumner cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2). Amendments 706 and 711

amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Sumner, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Sumner cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 109) and **FINDS** it lacks jurisdiction to entertain a request for a reduction of Sumner's sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this Order to defendant Michael R. Sumner, Reg. No. 03402-025, FCI Elkton, P.O. Box 10, Lisbon, OH 44432.

 **IT IS SO ORDERED.**
**DATED:  February 1, 2010.**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**